# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KIMBERLY RENEE SKAR,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2493-KHV |
| **SPIRIT AEROSYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Kimberly Renee Skar filed suit alleging that her former employer, Spirit Aerosystems, Inc., discriminated against her on the basis of race in violation of 42 U.S.C. § 1981.[1] The matter is before the Court on defendant's Motion to Determine Wichita As Place Of Trial (Doc. #5) filed November 19, 2008. For reasons stated below, defendant's motion is overruled.

## Legal Standards

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[2] See Bauer v. City of De Soto, Ks.,

---

[1] In her response, plaintiff states that she has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She states that once the EEOC issues a right to sue letter, she anticipates seeking leave of Court to amend her complaint to assert claims under 42 U.S.C. § 2000e et seq. See Plaintiff Skar's Response To Defendant's Motion To Determine Wichita As Place Of Trial (Doc. #9) filed December 3, 2008 at 1.

[2] Under 28 U.S.C. § 1404(a), "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be
(continued...)

No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004); Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing Aramburu v. Boeing Co., 896 F. Supp. 1063, 1064 (D. Kan. 1995)).  In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience of witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." Hartwick, 2000 WL 970670, at *1 (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515-16 (10th Cir. 1991)).  Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed. Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (quotations and citations omitted)).  Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. Bauer, 2004 WL 2580790, at *1.  The moving party bears the burden of proving that the existing forum is inconvenient. Id.

## Factual Background

Spirit is a Delaware corporation with its principal place of business and company headquarters in Kansas.  Plaintiff resides near Wichita in Sedgwick County, Kansas.  Plaintiff formerly worked for Spirit at its manufacturing plant in Wichita.  Plaintiff alleges that Spirit terminated her employment on the basis of race.  In the complaint, plaintiff designated Kansas City as the place of trial. See Complaint (Doc. #1) at 1-4.  In its motion Spirit asks the Court to determine Wichita as the place of trial.

## Analysis

---

[2](...continued)
tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

Spirit argues that trial should be in Wichita because plaintiff and the majority of witnesses reside there. Plaintiff responds that it is premature to determine where witnesses reside because the parties have not yet exchanged witness lists, and that Spirit has not shown that Kansas City is an inconvenient forum.

### I.     Plaintiff's Choice Of Forum

Plaintiff's choice of forum ordinarily is entitled to great deference. Scheidt, 956 F.2d at 965. Spirit correctly points out that where plaintiff's choice of forum is not her residence, that consideration carries much less weight. Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996)); see Spires v. Hosp. Corp. of Am., No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (when plaintiff does not reside in chosen forum, rationale for allowing plaintiff to dictate forum evaporates). The fact that plaintiff does not reside in Kansas City, however, does not compel a transfer to Wichita.

### II.    Convenience Of The Witnesses And Accessibility Of The Witnesses And Other Sources Of Proof

Spirit argues that most witnesses are located in Wichita. Plaintiff responds that Spirit's argument is speculative and premature because the parties have not exchanged witness lists and Rule 26(a) disclosures. Spirit does not contend that witnesses and documents will be inaccessible if trial is held in Kansas City. The Court cannot effectively evaluate this factor until the parties have completed discovery and exchanged final witness lists. See EEOC v. Newman Univ., No. 05-2404-KHV, 2006 WL 23566, at *2 (D. Kan. Jan. 4, 2006); see also Biglow v. Boeing Co., 174 F. Supp.2d 1187, 1195 (D. Kan. 2001) (motion to determine place of trial premature until discovery complete and scope of trial determined).

### III.    Fair Trial

Spirit argues that a fair trial can be had in Wichita, but does not argue that a fair trial cannot be had in Kansas City. Plaintiff argues that it will be difficult to impanel an impartial jury because Spirit is one of Wichita's largest employers. This Court rejected a similar argument in Aramburu. See 896 F. Supp at 1064 (ordering trial to take place in Wichita, rather than Topeka as plaintiff requested, where only connection to Topeka was location of plaintiff's counsel). This factor does not weigh in favor of either location.

### IV.    Other Considerations

Spirit contends that a trial in Wichita would make the most efficient use of the Court's time and that of jurors. Specifically, Spirit asserts that trial in Wichita would eliminate logistical problems with witnesses traveling three hours to Kansas City. As noted, however, the Court cannot determine the residence of the witnesses at this time.

Plaintiff asserts that the EEOC may decide to become a party to this case. Plaintiff notes that the EEOC's only Kansas office is in Kansas City, and asserts that Kansas City would therefore be a convenient forum for the EEOC. As of now, however, the EEOC is not a party.

Although Spirit has set forth a reasonable argument for transfer, on this record the Court cannot conclude that the balance of factors outweighs plaintiff's choice of forum.[3] The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Spirit Aerosystems, Inc.'s Motion to Determine

---

[3] Plaintiff's counsel is located near Kansas City, while defendant's counsel is located in Wichita. Defendant correctly notes that the location of counsel is given little if any weight. See Studdard v. Connaught Labs., Inc., 793 F. Supp. 291, 292 (D. Kan. 1992); see, e.g., Aramburu, 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka not sufficient to support trying case in Topeka when witnesses and evidence located in Wichita).

<u>Wichita As Place Of Trial</u> (Doc. #5) filed November 19, 2008, be and hereby is **OVERRULED**.

Dated this 15th day of December, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge